**Albert Louis WYATT, Petitioner–Appellant,**

v.

**Tom L. CAREY, Warden; et al., Respondents–Appellees.**

No. 05–56066.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 15, 2007.

Jeff Dominic Price, Esq., Santa Monica, CA, for Petitioner–Appellant.

Albert Louis Wyatt, Vacaville, CA, pro se.

James Conrad Schroeder, Esq., Law Office of J. Conrad Schroeder, Beneth A. Browne, Office of the California Attorney General, Los Angeles, CA, for Respondents–Appellees.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

California state prisoner Albert Louis Wyatt appeals from the district court's judgment denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo a district court's decision to deny a § 2254 petition, *Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1126 (9th Cir.2006), and we affirm.

The State contends that we lack jurisdiction because there is no federally protected interest in parole release in California, and thus, Wyatt has failed to state a federal claim. This contention is foreclosed. *See id.* at 1127–28.

Wyatt contends that the California Board of Prison Terms' (the "Board") decision to deny him parole violated his due process rights. We conclude that the Board based its decision on several findings which were "supported by some evidence in the record" with some indicia of reliability, and that the Board's decision was not otherwise arbitrary. *See Superintendent v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *Irons v. Carey*, 479 F.3d 658, 662 (9th Cir.2007). Accordingly, the state court's decision was not contrary to, and did not involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.